60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED POWER TRADES ORGANIZATION Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY Respondent.
 No. 93-70827.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 17, 1995.
Decided May 23, 1995.
 
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United Power Trades Organization (Union) contests a determination by the Federal Labor Relations Authority (FLRA) that a bargaining proposal regarding license fees conflicted with federal law or a government-wide rule or regulation and was therefore non-negotiable under section 7117(a)(1) of the Federal Service Labor-Management Statute Act.
 
 Background
 
 3
 During collective bargaining between the Union and the United States Department of the Army, Army Corps of Engineers (Army), the Union sought to negotiate with the Army over the following proposal:
 
 
 4
 The Agency shall reimburse bargaining unit employees for any license fees they are required to pay, i.e.: motor vehicle licenses, sewage treatment licenses, and the like, provided that the employer requires the employees to hold such licenses as a condition of employment.
 
 
 5
 The Army refused to bargain over the proposal, concluding that it was non-negotiable because the proposal was inconsistent with federal law. Under section 7117(a)(1) of the Federal Service Labor-Management Statute Act ("the FSLMS" or "the Act"), unions and government agencies may bargain only over matters that are "not inconsistent with any federal law or any government-wide rule or regulation." See also Bureau of Alcohol, Tobacco, and Firearms v. FLRA, 464 U.S. 89, 92 (1983). The Union subsequently sought and obtained a decision by the FLRA concerning the negotiability of the proposal. That decision did not aid the Union's cause.
 
 
 6
 The FLRA confirmed the Army's conclusion that the provision was non-negotiable because it conflicted with existing federal law. The FLRA based its conclusion upon its holding in National Association of Government Employees v. U.S. Department of the Navy, 47 FLRA 750, 755-56 (1993). In National Association of Government Employees, the FLRA concluded that a provision regarding license and permit fees was not negotiable because it was inconsistent with a government-wide rule or regulation; in reaching this conclusion, the FLRA relied upon the decisions of the Comptroller General, who had determined that such expenses constituted personal expenses that were not reimbursable by the agency. Id. According to the Comptroller General, license fees and the like may be reimbursed only when explicit statutory authority provides for such payments. See, e.g., 61 Comp. Gen. 357; 49 Comp. Gen. 450; 36 Comp. Gen. 621.
 
 
 7
 The Union raises two arguments on appeal. First, it interprets section 7117 -- the provision of the FSLMS that requires bargaining proposals to be consistent with federal law or government-wide rules and regulations -- to apply only to proposals that are already governed by the rules or regulations of the negotiating agency. Under the Union's theory, because the Army has not promulgated any specific regulations concerning the reimbursement of license fees, the proposal in question does not conflict with the requirements of section 7117. This novel interpretation of section 7117, however, is contrary to existing Ninth Circuit and Supreme Court precedent, which hold that section 7117(a)(1) and other provisions of the FSLMS impose a general duty to bargain in good faith but prohibit government agencies from bargaining over any matter that is inconsistent with federal laws or government-wide rules or regulations; they do not limit this consistency requirement to matters that are the subject of a rule or regulation promulgated by the agency involved. See, e.g., Bureau of Alcohol, Tobacco and Firearms v. FLRA, 464 U.S. 89, 93 (1983); United States Department of Interior, 870 F.2d at 555; California National Guard v. FLRA, 697 F.2d 874, 877 (9th Cir. 1983). Indeed, the Union has failed to cite any authority in support of its novel proposition.
 
 
 8
 Second, the Union argues that, even if section 7117 applies, the FLRA erred in rejecting the proposal because, in its own words, "the lack of any specific statutory authority to expend funds is no bar to negotiations over a proposal requiring the expenditure of funds where the Statutes (5 U.S.C. Secs. 5536 and 7117(a)) generally authorize negotiations over personnel policies, practices and general conditions of employment." In making this argument, however, the Union does not contest the Comptroller General's decisions that explicit statutory authorization for an agency is required to spend federal funds upon license fees, nor does it argue that the Comptroller General's decision is not a binding government-wide rule or regulation within the meaning of section 7117(a)(1). Indeed, the Union does not indicate that it wishes to contest or disturb the Comptroller General's decisions on this point in any way. Instead, it asks us to hold that the Act's general statutory authorization to bargain over conditions of employment -- which makes no mention of license or other fee payments and which expressly limits bargaining to topics that are consistent with existing government-wide rules and regulations -- satisfies the Comptroller General's requirement that a statute explicitly authorize payment of license fees in order to expend federal funds upon them. Given that the Union has failed to contest either the decisions of the Comptroller General regarding the need for an explicit provision authorizing the payment of license fees or the determination of the FLRA that those decisions represent a government-wide rule or regulation within the meaning of section 7117, we find the Union's argument that the general provisions of the FSLMS satisfy the Comptroller General's requirement to be unconvincing, as well as unsupported by the language or legislative history of the Act or by existing caselaw. Accordingly, the FLRA's decision that the license fee proposal is inconsistent with an existing government-wide rule or regulation, and therefore non-negotiable, is
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3